[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12231
Non-Argument Calendar

_____

D. C. Docket No. 08-00029-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PARESH KHOKHANI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 16, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Peresh Khokhani appeals his 12-month sentence and $5,000 fine for making a false statement in a passport application, in violation of 18 U.S.C. § 1542, arguing that (1) his above-range sentence is unreasonable, and (2) the district court erred by fining him $5,000 without assessing his ability to pay.

**I.**

We review a sentence imposed by a district court for reasonableness, using an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 597 (2007). Under reasonableness review, we "must first ensure that the district court committed no significant procedural error." Id. at __, 128 S. Ct. at 597. A procedural error is committed if the district court improperly calculates the guideline range, treats the guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain its sentence. Id. Although the district court must provide some explanation for its sentence, the district court is not required to explicitly discuss its consideration of each of the § 3553(a) factors on the record. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead we ask whether the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." United States v. Rita, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).

If the district court's sentencing decision is procedurally sound, we then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances, including the extent of any variance from the guideline range. Gall, 552 U.S. at __, 128 S. Ct. at 597. While we ordinarily expect a sentence within the guideline range to be reasonable, we do not presume that a sentence outside the guideline range is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005); Gall, 552 U.S. at ___, 128 S. Ct. at 597. "[An appellate court] may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 552 U.S. at ___, 128 S. Ct. at 597. A sentence will be remanded only when the district court commits "a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Talley, 431 F.3d at 788.

The district court's sentence was procedurally reasonable. No one disputes

that the district court properly calculated Khokhani's guideline range at 0-6 months, and the district court did not treat the guidelines as mandatory. Although Khokhani contends that the district court failed to hear his mitigation arguments, the record makes clear that the district court gave Khokhani an opportunity to address the court, which he declined, and that the court heard mitigation arguments from his counsel before imposing his sentence. The district court also expressly stated that it had considered the § 3553(a) factors and explained at length its decision to impose a sentence above the advisory guidelines range.

The district court's sentence was also substantively reasonable. Although Khokhani's 12-month sentence was twice the high-end of the advisory guidelines range, we cannot conclude that the upward variance was unreasonable. Khokhani devised a sophisticated scheme to purchase identification documents from a third party for the purpose of obtaining a passport for his wife, an illegal alien. At the time of sentencing, Khokhani had been living illegally in the United States for more than 12 years and had pending charges for reckless endangerment, disorderly conduct, and risking a catastrophe. Given the nature and circumstances of the offense and Khokhani's history and characteristics, we do not find that a sentence 6 months above the high-end of the guideline range and 108 months below the statutory maximum to be outside the range of reasonable sentences.

4

When a defendant fails to object to the imposition of a fine at the sentencing hearing, "we review the court's decision for plain error, and will upset the decision only if disregarding the error would result in manifest injustice." United States v. Hernandez, 160 F.3d 661, 665 (11th Cir. 1998) (citation and internal quotation marks omitted).

Pursuant to U.S.S.G. § 5E1.2(a), "the court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." In determining the amount of the fine, U.S.S.G. § 5E1.2(d) lists several factors the court should consider. The court is not required to make specific findings of fact with respect to the § 5E1.2(d) factors, but the record should reflect that the court considered the factors prior to imposing the fine. Hernandez, 160 F.3d at 665-66.

Khokhani contends that the district court erred by failing to consider the § 5E1.2(d) factors before imposing a $5,000 fine. As an initial matter, in his plea agreement Khokhani waived his right to appeal his sentence unless it was "higher than the advisory sentencing guideline range as found by the sentencing court." Khokhani's 12-month sentence was above the guideline range, but his $5,000 fine was within the guideline range. Because we conclude that imposing the fine would

not result in manifest injustice, we need not decide whether Khokhani's limited appeal waiver precludes him from asserting this appeal. While it is not clear from the record whether the district court considered the § 5E1.2(d) factors, disregarding the court's alleged error would not result in manifest injustice because Khokhani is not required to pay the fine unless he is not deported or unless he illegally reenters the country. Therefore, we will not upset the district court's decision.

Because Khokhani has failed to establish that his sentence was unreasonable or that upholding the $5,000 fine would result in manifest injustice, we affirm the district court's judgment.

**AFFIRMED.**